**Robert S. HENRY, Plaintiff— Appellant,**

v.

**Kevin SHELLEY, in his official capacity as California Secretary of State; Los Angeles County, Board of Supervisors, collectively in their official capacities; Conny B. McCormack, in her official capacity as Registrar–Recorder of Los Angeles County, Defendants—Appellees.**

No. 04–56008.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2006.

Decided March 13, 2006.

Robert S. Henry, San Gabriel, CA, pro se.

Robert D. Wilson, AGCA–Office of the California Attorney General, Judy Whitehurst, Los Angeles County Counsel, Los Angeles, CA, for Defendants–Appellees.

Before: NOONAN, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM *

Robert S. Henry ("Henry"), a judicial candidate for the Superior Court of California for Los Angeles County in the primary election held on March 2, 2004, appeals the district court's grant of summary judgment in favor of Appellees Los Angeles County Registrar–Recorder ("Registrar"), Los Angeles County Board of Supervisors, and the Secretary of State of California. Henry's suit challenges the constitutionality of California Election Code § 13307(c), which allows California counties to decide, prior to the commencement of the nomination period of each election cycle, whether to require candidates for nonpartisan city, county, and district offices who choose to include a statement in the county's voter's pamphlet to reimburse the county for the actual cost of printing, handling, translating, and mailing their statements. *See* Cal. Elec.Code § 13307 (West Supp.2005).

Pursuant to Cal. Elec.Code § 13307(c), Los Angeles County opted to charge candidates for nonpartisan city, county, and district offices in the March 2, 2004, primary election a $65,000 fee for the inclusion of their statements in the voter's pamphlet. After Henry failed to pay the $65,000 fee or file a declaration of indigence, the Registrar refused to accept Henry's statement for inclusion in the voter's pamphlet. Shortly thereafter, Henry filed a suit in the United States District Court for the Central District of California, contending that the cost recovery system embodied in Cal. Elec.Code § 13307(c)

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

violates the Equal Protection Clause of the Fourteenth Amendment because it provides no standards for a county's decision to impose a fee and, without a rational basis, results in disparate treatment of similarly situated judicial candidates by different counties, some of which impose no fee.

Reviewing the district court's grant of summary judgment de novo, *see Webster v. Pub. Sch. Employees of Wash. Inc.*, 247 F.3d 910, 913 (9th Cir.2001), we hold that Cal. Elec.Code § 13307(c) does not violate the Equal Protection Clause of the Fourteenth Amendment.

## ANALYSIS

Analysis of an equal protection claim involves two steps. *See McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir.1999). *First,* courts determine whether equal protection analysis is triggered by determining whether the statute treats similarly situated persons differently. *Id.* Because we conclude that California Election Code § 13037(c) passes muster even if it does trigger equal protection analysis, we assume, without deciding, that the statute treats similarly situated people differently.

*Second,* the court "must analyze under the appropriate level of scrutiny whether the distinction made between the groups is justified." *Id.* An "election restriction is subject to heightened scrutiny on Equal Protection grounds *only* if it burdens a suspect class or a fundamental right." *Rubin v. City of Santa Monica*, 308 F.3d 1008, 1019 (9th Cir.2002) (emphasis added). This Court has already held that Cal. Elec. Code § 13307(c) neither burdens a fundamental right nor targets a suspect class. *See Kaplan v. County of Los Angeles*, 894 F.2d 1076 (9th Cir.1990), *cert. denied,* 496 U.S. 907, 110 S.Ct. 2590, 110 L.Ed.2d 271 (1990); *N.A.A.C.P., Los Angeles Branch v. Jones*, 131 F.3d 1317 (9th Cir.1997), *cert.*

*denied,* 525 U.S. 813, 119 S.Ct. 48, 142 L.Ed.2d 37 (1998). As such, Cal. Elec. Code § 13307(c) is subject to the "least exacting type of scrutiny, rational basis review, and will be upheld if [it is] rationally related to a legitimate governmental purpose." *Green v. City of Tucson*, 340 F.3d 891, 896 (9th Cir.2003); *see Romer v. Evans*, 517 U.S. 620, 631, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996) ("if a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end").

In *Jones*, we found that there was a "legitimate purpose of having candidates finance their own campaigns." *Jones*, 131 F.3d at 1324. Similarly, in *Kaplan*, we found that the state had a legitimate interest in "publishing voter's pamphlets in a way that does not burden local agency budgets." *Kaplan*, 894 F.2d at 1081. Extending the reasoning of *Kaplan* and *Jones* to the inter-county classifications challenged in this case, we agree with the District Court that California has a legitimate interest in informing voters about candidates through the voter's pamphlet while providing counties a method of controlling their election budgets by imposing a fee on the candidates who chose to include their statements in the county's voter's pamphlet. The key question is whether it is rational to let some counties charge the candidate and other counties bear the costs. California's 58 counties have many different characteristics. What is a burden for one may be of no consequence to another. It does not appear irrational for the legislature to leave to the county the option of whether it will bear the burden. Essentially an administrative allocation of expenses, the option law does not discriminate against any class of candidates. County lines, expenses, and options are facts of California life. All Californians live with them without a loss of the equal protection of the laws.

## CONCLUSION

Cal. Elec.Code § 13307(c) satisfies rational basis scrutiny because its county-based distinction between judicial candidates is rationally related to a legitimate state interest. The district court's grant of summary judgment is AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.